The Honorable Theresa L. Fricke

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| BENJAMIN DRESNER, Individually and on behalf of all others similarly situated,<br><br> Plaintiff,<br> v.<br><br>SILVERBACK THERAPEUTICS, INC., LAURA K. SHAWVER, JONATHAN PIAZZA, RUSS HAWKINSON, PETER THOMPSON, VICKIE L. CAPPS, ROBERT HERSHBERG, SAQIB ISLAM, ANDREW POWELL, JONATHAN ROOT, THILO SCHROEDER, and SCOTT PLATSHON,<br><br> Defendants. | Case No. 2:21-cv-01499-TLF<br><br>**MOTION OF TRENTON THENHAUS AND TAYLOR THENHAUS FOR APPOINTMENT AS CO-LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT**<br><br>NOTE ON MOTION CALENDAR:<br><br>January 21, 2022 |

MOTION OF TRENTON THENHAUS AND TAYLOR THENHAUS FOR APPOINTMENT
AS CO-LEAD PLAINTIFF AND APPROVAL OF COUNSEL – 2:21-cv-01499-TLF

## **MOTION**

Lead Plaintiff Movants Trenton Thenhaus and Taylor Thenhaus ("Movants") respectfully move this court, pursuant to pursuant to the Securities Act of 1933 (the "Securities Act") and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Federal Rule of Civil Procedure 42(a), for entry of an order: (a) appointing Movants as Co-Lead Plaintiff; (b) approving Movants' selection of The Rosen Law Firm, P.A. as Lead Counsel and Praesidio Consumer Law PLLC as Liaison Counsel; and (c) granting such other and further relief as the Court may deem just and proper.

In support of this Motion, Movants submit the accompanying memorandum of law submitted herewith, the Declaration of Colin M. George and the exhibits attached thereto, and all of the prior pleadings and other files in this matter, and such other written or oral arguments as may be permitted by the Court.

1

MOTION OF TRENTON THENHAUS AND TAYLOR THENHAUS FOR APPOINTMENT
AS CO-LEAD PLAINTIFF AND APPROVAL OF COUNSEL – 2:21-cv-01499-TLF

## MEMORANDUM OF POINTS AND AUTHORITIES

Movants  respectfully submit this memorandum in support of their motion for an Order, pursuant to the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1)    appointing Movants as Co-Lead Plaintiff for all persons and entities other than defendants who purchased or otherwise acquired: (a) Silverback Therapeutics, Inc. ("Silverback" or the "Company") common stock pursuant and/or traceable to the Offering Documents (defined below) issued in connection with the Company's initial public offering conducted on or about December 3, 2020 (the "IPO" or "Offering"); and/or (b) Silverback securities between December 3, 2020 and September 10, 2021, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(2)    appointing The Rosen Law Firm, P.A. as Lead Counsel for the Class and Praesidio Consumer Law PLLC as Liaison Counsel for the Class.

## I.    FACTUAL BACKGROUND

This Action was commenced on November 5, 2021, in the United States District Court for the Western District of Washington, against Defendants Silverback, Laura K. Shawver, Jonathan Piazza, Russ Hawkinson, Peter Thompson, Vickie L. Capps, Robert Hershberg, Saqib Islam, Andrew Powell, Jonathan Root, Thilo Schroeder, and Scott Platshon for claims under the Securities Act and Exchange Act. That same day, a PSLRA early notice was issued advising potential Class members of, among other things, the claims alleged in the action and the 60-day deadline for Class members to move to be appointed as lead plaintiff. A copy of the early notice

MOTION OF TRENTON THENHAUS AND TAYLOR THENHAUS FOR APPOINTMENT
AS CO-LEAD PLAINTIFF AND APPROVAL OF COUNSEL – 2:21-cv-01499-TLF

is attached as Exhibit 1 to the Declaration of Colin M. George filed herewith ("George Decl." or "George Declaration").

Silverback is a clinical-stage biopharmaceutical company that develops tissue target therapeutics for the treatment of cancer, chronic viral infections, and other serious diseases. The Company's lead product candidate is SBT6050, which is in a Phase I/Ib clinical trial, a TLR8 agonist linker-payload conjugated to a HER2-directed monoclonal antibody that targets tumors, such as breast, gastric, and non-small cell lung cancers.

On November 10, 2020, Silverback filed a registration statement on Form S-1 with the SEC in connection with the IPO, which, after several amendments, was declared effective by the SEC on December 3, 2020 (the "Registration Statement"). On or about December 3, 2020, pursuant to the Registration Statement, Silverback's common stock began trading on the Nasdaq Global Market under the ticker symbol "SBTX." On December 4, 2020, Silverback filed a prospectus on Form 424B4 with the SEC in connection with the IPO, which incorporated and formed part of the Registration Statement (the "Prospectus" and, together with the Registration Statement, the "Offering Documents"). Pursuant to the Offering Documents, Silverback conducted the IPO, issuing 11.5 million shares of common stock at $21.00 per share.

According to the Complaint, the Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation. Additionally, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Silverback's lead product candidate SBT6050 was

3

MOTION OF TRENTON THENHAUS AND TAYLOR THENHAUS FOR APPOINTMENT AS CO-LEAD PLAINTIFF AND APPROVAL OF COUNSEL – 2:21-cv-01499-TLF

less effective than the Company had represented to investors; (ii) accordingly, the Company had overstated SBT6050's commercial and/or clinical prospects; and (iii) as a result, the Offering Documents and Defendants' public statements throughout the Class Period were materially false and/or misleading and failed to state information required to be stated therein.

On September 13, 2021, Silverback issued a press release "announc[ing] that interim data from the dose-escalation portion of its Phase 1/1b clinical trial evaluating SBT6050 as a monotherapy and in combination with pembrolizumab in patients with advanced or metastatic HER2-expressing or amplified solid tumors will be presented at the upcoming European Society for Medical Oncology (ESMO) 2021 Congress from September 16-21, 2021" and advising that "[t]he accepted abstract . . . is now available on the ESMO website." Per the accepted abstract, while there was a manageable safety profile for the Company's experimental therapy, SBT6050 yielded only one partial response among 14 HER2-positive solid tumors.

On this news, Silverback's stock price fell $4.54 per share, or 23.35%, to close at $19.90 per share on September 13, 2021. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

**ARGUMENT**

**I.    MOVANTS SHOULD BE APPOINTED CO-LEAD PLAINTIFF**

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as

4

practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movants satisfy the above criteria, having the largest financial interest of any movant in this litigation, and are therefore the most adequate plaintiff and should be appointed as Co-Lead Plaintiff.

**A. Movants Are Willing to Serve as Class Representatives**

Movants timely filed the instant motion in response to a PSLRA early notice, and filed herewith a PSLRA certification attesting that they are willing to serve as a representative of the Class and are willing to provide testimony at deposition and trial, if necessary. *See* George Decl., Ex. 2. Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiff for the Class.

**B. Movants Have the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group . . . that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the

5

MOTION OF TRENTON THENHAUS AND TAYLOR THENHAUS FOR APPOINTMENT AS CO-LEAD PLAINTIFF AND APPROVAL OF COUNSEL – 2:21-cv-01499-TLF

PSLRA does not specify precisely how to calculate the "largest financial interest," the movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA, Inc.*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases); *Reinschmidt v. Zillow, Inc.*, No. C12-2084-RSM, 2013 WL 1092129, at *3 (W.D. Wash. Mar. 14, 2013).

Movants lost approximately $2,737.42 in connection with purchases of Silverback securities during the Class Period. *See* George Decl., Ex. 3 (Movants' Loss Chart). Movants are not aware of any other movant that has suffered greater losses in Silverback securities during the Class Period. Accordingly, Movants satisfy the largest financial interest requirement to be appointed as Co-Lead Plaintiff for the Class.

**C. Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy

6

requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movants fulfill all the pertinent requirements of Rule 23. Movants share substantially similar questions of law and fact with the members of the Class, and Movants' claims are typical of the members of the Class. Movants and all members of the Class allege that Defendants violated the Exchange Act and Securities Act by publicly disseminating false and misleading statements about Silverback and its business. Movants, as did all the members of the Class, purchased Silverback securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and were damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the Class.

Thus, the close alignment of interests between Movants and other Class members, and Movants' desire to prosecute this action on behalf of the Class, provides ample reason to appoint Movants as Co-Lead Plaintiff.

**D. Movants Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses**

The presumption in favor of appointing Movants as Co-Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

   (aa) will not fairly and adequately protect the interest of the class; or

   (bb)  is subject to unique defenses that render such plaintiff incapable of

       adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

7

MOTION OF TRENTON THENHAUS AND TAYLOR THENHAUS FOR APPOINTMENT AS CO-LEAD PLAINTIFF AND APPROVAL OF COUNSEL – 2:21-cv-01499-TLF

Movants are brother and sister. Trenton Thenhaus lives in Chicago, Illinois and has been investing for over five years. He has a bachelor's degree and currently owns his own business. Taylor Thenhaus lives in Iowa and has been investing for approximately two years. She has a bachelor's degree and works as a high school teacher.

Movants' ability and desire to fairly and adequately represent the Class has been discussed above. Movants are not aware of any unique defenses that Defendants could raise against them that would render Movants inadequate to represent the Class. Accordingly, the Court should appoint Movants as Co-Lead Plaintiff for the Class.

## II.    MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel and Praesidio Consumer Law PLLC as Liaison Counsel. Rosen Law has been actively researching the Class' and the Movant's claims—reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Furthermore, the firms are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in numerous courts throughout the nation, and have prosecuted securities fraud class actions and other complex litigation and have obtained substantial recoveries on behalf of investors. The resumes of the firms are attached as Exhibits 4 and 5 to the Rosen Declaration.

8

As a result of the firms' experiences in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movants' selection of counsel, the members of the Class will receive the best legal representation available.

### III.    CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court issue an Order: (1) appointing Movants as Co-Lead Plaintiffs of the Class; (2) approving Rosen Law as Lead Counsel and Praesidio Consumer Law PLLC as Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: January 4, 2022                Respectfully submitted,

**PRAESIDIO CONSUMER LAW PLLC**

/s/Colin M. George

Colin M. George, WSBA No. 45131
Praesidio Consumer Law PLLC
1916 Pike Place, Suite 12
Seattle, WA 98101
(646) 202-0629
cgeorge@praesidio.law

*Counsel for Movants and [Proposed]*
*Liaison Counsel for the Class*

**THE ROSEN LAW FIRM, P.A.**

Phillip Kim
Laurence M. Rosen
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060

9

MOTION OF TRENTON THENHAUS AND TAYLOR THENHAUS FOR APPOINTMENT
AS CO-LEAD PLAINTIFF AND APPROVAL OF COUNSEL – 2:21-cv-01499-TLF

Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Movants and [Proposed]*
*Lead Counsel for the Class*

10

**CERTIFICATE OF SERVICE**

I, hereby certify that on January 4, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Colin M. George

11

MOTION OF TRENTON THENHAUS AND TAYLOR THENHAUS FOR APPOINTMENT
AS CO-LEAD PLAINTIFF AND APPROVAL OF COUNSEL – 2:21-cv-01499-TLF