The Honorable Theresa L. Fricke

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| BENJAMIN DRESNER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SILVERBACK THERAPEUTICS, INC., LAURA K. SHAWVER, JONATHAN PIAZZA, RUSS HAWKINSON, PETER THOMPSON, VICKIE L. CAPPS, ROBERT HERSHBERG, SAQIB ISLAM, ANDREW POWELL, JONATHAN ROOT, THILO SCHROEDER, and SCOTT PLATSHON,<br><br>Defendants. | CLASS ACTION<br><br>Case No.: 2:21-cv-01499-TLF<br><br>MOTION OF BENJAMIN DRESNER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>NOTE ON MOTION CALENDAR: FRIDAY, JANUARY 21, 2022 |

MOTION TO APPOINT LEAD PLAINTIFF &
APPROVE COUNSEL
(Case No. 2:21-CV-01499-TLF)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

## TABLE OF CONTENTS

MOTION ...................................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES .............................................................1

    I.      PRELIMINARY STATEMENT .........................................................................1

    II.     STATEMENT OF FACTS ................................................................................3

    III.    ARGUMENT .....................................................................................................5

        A.      DRESNER SHOULD BE APPOINTED LEAD PLAINTIFF .................5

             1.      Dresner Is Willing to Serve as a Class Representative ..................6

             2.      Dresner Has the Largest Financial Interest in the Relief Sought by the Class .................................................................6

             3.      Dresner Otherwise Satisfies Rule 23's Requirements ..................7

             4.      Dresner Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ..................10

        B.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED .......................................................................................10

    IV.    CONCLUSION ................................................................................................11

MOTION TO APPOINT LEAD PLAINTIFF &
APPROVE COUNSEL
(Case No. 2:21-CV-01499-TLF)

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

i

## TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*Cook v. Atossa Genetics, Inc.*,
    No. C13- 1836 RSM, 2014 U.S. Dist. LEXIS 19218 (W.D. Wash. Feb. 14,
    2014) ................................................................................................................ 7, 8, 10

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ........................................................................................ 8

*In re Comverse Technology, Inc. Securities Litigation*,
    No. 06-CV-1825 (E.D.N.Y.)....................................................................................... 11

*Knox v. Yingli Green Energy Holding Co.*,
    136 F. Supp. 3d 1159 (C.D. Cal. 2015) ...................................................................... 7

*Lax v. First Merchants Acceptance Corp.*,
    Nos. 97 C 2715 et al., 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)........................ 6

*Nicolow v. Hewlett Packard Co.*,
    Nos. 12-05980 CRB et al., 2013 U.S. Dist. LEXIS 29876 (N.D. Cal. Mar. 4,
    2013)  ......................................................................................................................... 7

*Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS
    6057 (C.D. Cal. Apr. 26, 2001)................................................................................. 10

*Reinschmidt v. Zillow, Inc.*,
    No. C12-2084 RSM, 2013 U.S. Dist. LEXIS 36793 (W.D. Wash. Mar. 14,
    2013) ......................................................................................................................... 7

*Richardson v. TVIA, Inc.*,
    Nos. C-06-06304 RMW, C-06-07307 RMW, 2007 U.S. Dist. LEXIS 28406
    (N.D. Cal. Apr. 16, 2007) ........................................................................................... 8

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ...................................................................................... 9

**Statutes**

15 U.S.C. §§ 77z-1(a)(3)....................................................................................*passim*

15 U.S.C. § 78u-4(a)(3)(B) ...................................................................................... 10

MOTION TO APPOINT LEAD PLAINTIFF &
APPROVE COUNSEL
(Case No. 2:21-CV-01499-TLF)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

ii

Private Securities Litigation Reform Act of 1995 ..............................................................*passim*

Securities Act of 1933 ........................................................................................................ 1, 8

**Rules**

Fed. R. Civ. P. 23................................................................................................................*passim*

MOTION TO APPOINT LEAD PLAINTIFF &
APPROVE COUNSEL
(Case No. 2:21-CV-01499-TLF)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

**MOTION**

Benjamin Dresner ("Dresner"), by and through his undersigned counsel, hereby respectfully moves this Court pursuant to Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3), and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order:

(1) appointing Dresner as Lead Plaintiff in the above-captioned action (the "Action") on behalf of a class consisting of all persons and entities that purchased or otherwise acquired: (a) Silverback Therapeutics, Inc. ("Silverback") common stock pursuant and/or traceable to the Offering Documents (defined below) issued in connection with the Company's initial public offering conducted on or about December 3, 2020 (the "IPO" or "Offering"); and/or (b) Silverback securities between December 3, 2020 and September 10, 2021, both dates inclusive (the "Class Period") (the "Class"); and

(2) approving Dresner's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Badgley Mullins Turner, PLLC ("Badgley Mullins") as Liaison Counsel for the Class.

In support of his motion, Dresner submits herewith the accompanying memorandum of law, the Declaration of Jeremy A. Lieberman ("Lieberman Decl."), and all exhibits thereto.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   PRELIMINARY STATEMENT

The Complaint in the Action alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Securities Act and the Exchange Act.  Silverback investors, including Dresner, incurred significant losses following the disclosure of the Company's alleged

MOTION TO APPOINT LEAD PLAINTIFF &
APPROVE COUNSEL
(Case No. 2:21-CV-01499-TLF)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

1

fraud, which caused Silverback's stock price to fall sharply, damaging Dresner and other Silverback investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I). In connection with his purchases of Silverback common stock pursuant and/or traceable to the Offering Documents, and/or Silverback securities during the Class Period, Dresner incurred losses of approximately $18,170. *See* Lieberman Decl., Exhibit ("Ex.") A. Accordingly, Dresner believes that he has the largest financial interest in the relief sought in the Action.

Beyond his considerable financial interest, Dresner also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Dresner has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Dresner has also selected Badgley Mullins, which has significant experience in complex and class action litigation, including matters concerning claimed violations of the federal securities laws, to serve as Liaison Counsel for the Class.

MOTION TO APPOINT LEAD PLAINTIFF &
APPROVE COUNSEL
(Case No. 2:21-CV-01499-TLF)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

2

Accordingly, Dresner respectfully requests that the Court enter an order appointing Dresner as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel and Badgley Mullins as Liaison Counsel for the Class.

## II.     STATEMENT OF FACTS

As alleged in the Complaint in the Action, Silverback, a clinical-stage biopharmaceutical company, develops tissue-targeted therapeutics for the treatment of cancer, chronic viral infections, and other serious diseases.  Dkt. # 1 at p. 2.  The Company's lead product candidate is SBT6050, which is in a Phase I/Ib clinical trial, a TLR8 agonist linker-payload conjugated to a HER2-directed monoclonal antibody that targets tumors, such as breast, gastric, and non-small cell lung cancers.  *Id.* at p. 2-3.

On November 10, 2020, Silverback filed a registration statement on Form S-1 with the SEC in connection with the IPO, which, after several amendments, was declared effective by the SEC on December 3, 2020 (the "Registration Statement").  *Id.* at p. 3.

On or about December 3, 2020, pursuant to the Registration Statement, Silverback's common stock began trading on the Nasdaq Global Market under the ticker symbol "SBTX."  *Id.* On December 4, 2020, Silverback filed a prospectus on Form 424B4 with the SEC in connection with the IPO, which incorporated and formed part of the Registration Statement (together with the Registration Statement, the "Offering Documents").  *Id.*

Pursuant to the Offering Documents, Silverback conducted the IPO, issuing 11.5 million shares of common stock priced at $21.00 per share.  *Id.*

The Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made

MOTION TO APPOINT LEAD PLAINTIFF &
APPROVE COUNSEL
(Case No. 2:21-CV-01499-TLF)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

not misleading and were not prepared in accordance with the rules and regulations governing their preparation. *Id.* Additionally, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. *Id.* Specifically, the Offering Documents and Defendants made false and/or misleading statements and/or failed to disclose that: (i) Silverback's lead product candidate SBT6050 was less effective than the Company had represented to investors; (ii) accordingly, the Company had overstated SBT6050's commercial and/or clinical prospects; and (iii) as a result, the Offering Documents and Defendants' public statements throughout the Class Period were materially false and/or misleading and failed to state information required to be stated therein. *Id.* at p. 3-4.

On September 13, 2021, Silverback issued a press release "announc[ing] that interim data from the dose-escalation portion of its Phase 1/1b clinical trial evaluating SBT6050 as a monotherapy and in combination with pembrolizumab in patients with advanced or metastatic HER2-expressing or amplified solid tumors will be presented at the upcoming European Society for Medical Oncology (ESMO) 2021 Congress from September 16- 21, 2021" and advising that "[t]he accepted abstract . . . is now available on the ESMO website." *Id.* at p. 4. Per the accepted abstract (the "Abstract"), while there was a manageable safety profile for the Company's experimental therapy, SBT6050 yielded only one partial response among 14 HER2-positive solid tumors. *Id.*

On this news, Silverback's stock price fell $4.54 per share, or 23.35%, to close at $14.90 per share on September 13, 2021. *Id.*

As of the time the Complaint was filed, the price of Silverback common stock continued to trade below the $21.00 per share Offering price, damaging investors. *Id.*

MOTION TO APPOINT LEAD PLAINTIFF &
APPROVE COUNSEL
(Case No. 2:21-CV-01499-TLF)

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of Silverback's securities, Dresner and other Class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    DRESNER SHOULD BE APPOINTED LEAD PLAINTIFF

Dresner should be appointed Lead Plaintiff because, to his knowledge, he has the largest financial interest in the Action and otherwise satisfies the requirements of Rule 23.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(i)-(ii), 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I) and 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiff or purported class members to appoint lead plaintiff filed in response to any such notice.  Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).

MOTION TO APPOINT LEAD PLAINTIFF &
APPROVE COUNSEL
(Case No. 2:21-CV-01499-TLF)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

5

As set forth below, Dresner satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.    Dresner Is Willing to Serve as a Class Representative

On November 5, 2021, Pomerantz, counsel for plaintiff in the Action, caused a notice to be published over *Globe Newswire* pursuant to Sections 27(a)(3)(A)(i) and 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities fraud class action had been filed against, *inter alia*, Silverback, and which advised investors in Silverback securities that they had until January 4, 2022 to file a motion to be appointed as lead plaintiff.  *See* Lieberman Decl., Ex. B.  Dresner has filed the instant motion pursuant to the Notice, and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class, and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Dresner satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.    Dresner Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class."  15 U.S.C. §§ 77z-1(a)(3)(B)(iii), 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Dresner has the largest financial interest of any Silverback investor or investor group seeking to serve as Lead Plaintiff based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased; (2) the number of net shares purchased (also referred to as "retained shares"); (3) the total net funds expended; and (4) the approximate losses suffered.  Nos. 97 C 2715 *et al.*, 1997

MOTION TO APPOINT LEAD PLAINTIFF &
APPROVE COUNSEL
(Case No. 2:21-CV-01499-TLF)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

U.S. Dist. LEXIS 11866, at \*17-\*18 (N.D. Ill. Aug. 6, 1997).  In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District.   *See, e.g.*, *Cook v. Atossa Genetics, Inc.*, No. C13- 1836 RSM, 2014 U.S. Dist. LEXIS 19218, at \*8 (W.D. Wash. Feb. 14, 2014); *Reinschmidt v. Zillow, Inc.*, No. C12-2084 RSM, 2013 U.S. Dist. LEXIS 36793, at \*5 (W.D. Wash. Mar. 14, 2013); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015); *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at \*18 (N.D. Cal. Mar. 4, 2013).  Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See, e.g.*, *Knox*, 135 F. Supp. 3d. at 1163; *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at \*18-\*19.

Pursuant and/or traceable to the Offering Documents issued in connection with the IPO, and/or during the Class Period, Dresner: (1) purchased 1,400 shares of Silverback securities; (2) expended $31,296 on his purchases of Silverback securities; (3) retained all of his shares of Silverback securities; and (4) as a result of the disclosures of the fraud, suffered a loss of $18,170 in connection with his purchases of Silverback securities.  *See* Lieberman Decl., Ex. A.  Because Dresner possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff.   15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I)(bb), 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    Dresner Otherwise Satisfies Rule 23's Requirements

Sections 27(a)(3)(B)(iii)(I)(cc) and 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provide that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil

MOTION TO APPOINT LEAD PLAINTIFF &
APPROVE COUNSEL
(Case No. 2:21-CV-01499-TLF)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

7

Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

"'At the lead plaintiff stage of the litigation, in contrast to the class certification stage, a proposed lead plaintiff need only make a preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Cook*, 2014 U.S. Dist. LEXIS 19218, at *9-*10 (quoting *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010)); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson v. TVIA, Inc.*, 2007 U.S. Dist. LEXIS 28406, at *16 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

The claims of Dresner are typical of those of the Class. Dresner alleges, as do all Class members, that Defendants violated the Securities Act and the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Silverback, or by omitting to state material facts necessary to make the statements they did make not misleading. Dresner, as did all Class members, purchased Silverback common stock pursuant or traceable to the Offering Documents issued in connection with the IPO and/or Silverback securities during the Class Period at prices artificially inflated by Defendants' misrepresentations

MOTION TO APPOINT LEAD PLAINTIFF &
APPROVE COUNSEL
(Case No. 2:21-CV-01499-TLF)

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

8

or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy of representation requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Dresner is an adequate representative for the Class. Here, Dresner has submitted a signed Certification declaring his commitment to protecting the interests of the Class. *See* Lieberman Decl., Ex. C. There is no antagonism between the interests of Dresner and those of the Class, and Dresner's significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation that gives him an incentive to vigorously prosecute fraud claims on behalf of the Class. Moreover, Dresner has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choices of Pomerantz and Badgley Mullins to the Court for approval as Lead Counsel and Liaison Counsel for the Class, respectively, pursuant to 15 U.S.C. §§ 77z-1(a)(3)(B)(v) and 78u-4(a)(3)(B)(v).

Further demonstrating his adequacy, Dresner has submitted a Declaration attesting to, inter alia, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Lieberman Decl., Ex. D.

MOTION TO APPOINT LEAD PLAINTIFF &
APPROVE COUNSEL
(Case No. 2:21-CV-01499-TLF)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

9

**4.      Dresner Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing Dresner as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II), 78u-4(a)(3)(B)(iii)(II).

The ability and desire of Dresner to fairly and adequately represent the Class has been discussed above.  Dresner is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.

**B.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cook*, 2014 U.S. Dist. LEXIS 19218, at *11-*12; *Osher v. Guess?, Inc*., No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should not interfere with Lead Plaintiff's selection unless it is necessary to do so to "protect the interests of the class."  15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II)(aa), 78u-4(a)(3)(B)(iii)(II)(aa); *Cook*, 2014 U.S. Dist. LEXIS 19218, at *11.

Dresner has selected Pomerantz to serve as Lead Counsel for the Class.  Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year

MOTION TO APPOINT LEAD PLAINTIFF & APPROVE COUNSEL
(Case No. 2:21-CV-01499-TLF)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

10

history, as detailed in its firm resume. *See* Lieberman Decl., Ex. E. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *Id.* Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.* Additionally, proposed Liaison Counsel Badgley Mullins has significant experience in complex and class action litigation, including matters concerning claimed violations of the federal securities laws. *See id.*, Ex. F. As a result of their extensive experience in similar litigation, Dresner's choices of counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute the Action effectively and expeditiously. Thus, the Court may be assured that by approving the selection of counsel by Dresner, with Pomerantz as Lead Counsel and Badgley Mullins as Liaison Counsel, the members of the Class will receive the best legal representation available.

## IV.    CONCLUSION

For the foregoing reasons, Dresner respectfully requests that the Court issue an Order: (1) appointing Dresner as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz as Lead Counsel and Badgley Mullins as Liaison Counsel for the Class.

MOTION TO APPOINT LEAD PLAINTIFF &
APPROVE COUNSEL
(Case No. 2:21-CV-01499-TLF)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

Dated:  January 4, 2022

Respectfully submitted,

BADGLEY MULLINS TURNER PLLC

s/ *Duncan C. Turner*
Duncan C. Turner, WSBA No. 20597
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Tel: (206) 621-6566
Email: dturner@badgleymullins.com

*Of Counsel for Movant Benjamin Dresner and Proposed Liaison Counsel for the Class*

POMERANTZ LLP
Jeremy A. Lieberman (*pro hac vice*)
J. Alexander Hood II (*pro hac vice*)
Thomas H. Przybylowski
(*pro hac vice* forthcoming)
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for Movant Benjamin Dresner and Proposed Lead Counsel for the Class*

Motion To Appoint Lead Plaintiff &
Approve Counsel
(Case No. 2:21-CV-01499-TLF)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

12

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ Yonten Dorjee
Yonten Dorjee, Paralegal
**BADGLEY MULLINS TURNER PLLC**
Email: ydorjee@badgleymullins.com

MOTION TO APPOINT LEAD PLAINTIFF &
APPROVE COUNSEL
(Case No. 2:21-CV-01499-TLF)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

13