UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BENJAMIN DRESNER,

                Plaintiff,

     v.

SILVERBACK THERAPEUTICS et al.,

                Defendants.

Case No. 2:21-cv-1499-TLF

ORDER APPOINTING LEAD
PLAINTIFF AND APPROVING
LEAD COUNSEL

This matter comes before the Court on motions for appointment of lead plaintiff and approval of lead counsel brought by (i) movants Taylor Thenhaus and Trenton Thenhaus (Dkt. 13) and (ii) plaintiff Benjamin Dresner (Dkt. 15).

FACTUAL AND PROCEDURAL BACKGROUND

This class action alleges claims occurring under Section 11 and 15 of the Securities Act of 1933, Sections 10(b) and 20(a) of the Security Exchange Act of 1934 and 17 C.F.R. § 240.10b-5. Dkt. 1. On November 5, 2021, plaintiff published a notice of the litigation over *Globe Newswire* advising investors that they had until January 4, 2022 to file a motion to be appointed as lead plaintiff. Dkt. 16, Declaration of Jeremy A. Lieberman, at 2; Dkt. 16-2, Notice (11/05/2021).

On January 4, 2022, movants Taylor Thenhaus and Trenton Thenhaus filed a motion to be appointed as co-lead plaintiffs. Dkt. 13. On the same day, plaintiff Benjamin Dresner filed a motion to be appointed lead plaintiff. Dkt. 15. On January 18,

2022, movants Taylor Thenhaus and Trenton Thenhaus filed a notice of non-opposition to competing motions for appointment as lead plaintiff. Dkt. 17. The notice states that it appeared that the movants did not have the largest financial interest in the litigation. *Id.*

## DISCUSSION

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court is required to appoint a Lead Plaintiff to represent the purported class. 15 U.S.C. § 78u-4(a)(3). The PSLRA sets forth a three-step process for identifying a lead plaintiff. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).

A. Step One

First, the first plaintiff to file an action covered by the PSLRA must post a notice of the pendency of the action, the claims made and the purported class period. *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(A)). The notice must be posted "in a widely circulated national business-oriented publication or wire service. 15 U.S.C. § 78u-4(a)(3)(A).

It is undisputed that plaintiff filed the proper notice required under the PSLRA.

B. Step Two

Second, the court must determine the most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The Court presumes that the most adequate plaintiff is the member who has either filed the complaint or made a motion in response to a notice; in the determination of the court, has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *In re Cavanaugh*, 306 F.3d at 730.

First, the Court must determine which plaintiff has the greatest financial interest in the litigation. *Id.* Then the Court must consider whether the plaintiff with the highest

financial interest satisfies the requirements of Rule 23(a). *Id*. If the plaintiff with the highest financial interest meets the Rule 23 requirements, they become the presumptively most adequate plaintiff. *Id*. If the plaintiff with the highest financial interest does not satisfy the Rule 23 requirements, the Court must repeat the inquiry for the plaintiff with the next largest financial interest in the litigation. *Id*.

On a motion to appoint lead plaintiff, the Court's Rule 23 inquiry is focused solely on the "typicality" and "adequacy" requirements. *In re Cavanaugh,* 306 F.3d 726, 730, n.5, 732 (9th Cir. 2002); *Frias v. Dendreon Corp.*, 835 F. Supp. 2d 1067, 1075 (W.D. Wash. 2011). At this stage, only a preliminary showing of "typicality" and "adequacy" are required. *In re Cavanaugh*, at 730; Fed. R. Civ. P. 23(a)(3)-(4).

Typicality requires that "the claims or defense of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This requirement can be satisfied when "other members have the same or similar injury,… and [] other class members have been injured by the same course of conduct." *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1141 (9th Cir. 2016).

A plaintiff fulfills the adequacy requirement by demonstrating that they can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A determination of adequacy requires the Court to consider (1) whether the named plaintiff and their counsel have any conflicts of interest with other class members and (2) whether the named plaintiff and their counsel will prosecute the action vigorously on behalf of the class. *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1007 (9th Cir. 2018). Additionally, the named representative's attorney must be qualified, experienced, and generally capable of conducting the litigation. *Id*.

1

2

3

4

5

6

Plaintiff Benjamin Dresner has submitted evidence of alleged loses totaling $18,170 in connection with the allegations asserted in this litigation. Dkt. 16-1, Loss Chart. The only other movants have stated that plaintiff Benjamin Dresner has a larger financial interest. Dkt. 17, Notice of Non-Opposition. Accordingly, based on the record before the Court, plaintiff Benjamin Dresner is the moving member with the largest financial interest in the litigation.

7

8

9

10

At this stage of the litigation, it appears that plaintiff satisfies the typicality requirement. The injuries to all class members alleged in the complaint arose from the same conduct – defendant's alleged knowing false or misleading statement of material facts.

11

12

13

14

15

It also appears that plaintiff satisfies the adequacy requirement. Plaintiff has submitted a declaration asserting there are no conflicts between plaintiff's interests and the interests of the class. Dkt. 16-3, Certification Pursuant to Federal Securities Laws; Dkt. 16-4, Declaration In Support of Lead Plaintiff Motion. No party or class member has opposed plaintiff's motion or his adequacy to represent the class.

16

C. Step Three

17

18

19

20

21

22

23

Third, other plaintiffs may oppose the presumptive lead plaintiff by showing that the plaintiff does not satisfy the Rule 23 requirements. *In re Cavanaugh*, 306 F.3d at 730. Other plaintiffs may rebut the assertions of the presumptive lead plaintiff by showing either -- that the plaintiff will not fairly and adequately protect the interests of the class -- or the plaintiff is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb). Opposing plaintiffs may only conduct discovery upon a showing of a reasonable

24

25

basis for finding that the presumptive plaintiff is incapable of representing the class. 15 U.S.C. §78u-4(a)(3)(B)(iv).

Based on the record before the Court, no party has opposed plaintiff Benjamin Dresner's motion to be appointed lead plaintiff. Additionally, no showing has been made that plaintiff does not meet the Rule 23(a) requirements.

D.  Appointment of Counsel

Although appointment of counsel is subject to the Court's approval, the PSLRA "clearly leaves the choice of class counsel in the hands of the lead plaintiff." *In re Cavanaugh,* 306 F.3d 726, 734 (9th Cir. 2002). Plaintiff's selected counsel, Pomerantz LLP and Badgley Mullins Turner PLLC, have shown they possess the requisite experience in litigating complex class action cases, including securities-related cases. Accordingly, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Court approves plaintiff's selected counsel.

CONCLUSION

Based on the foregoing, the Court ORDERS:

- Plaintiff Benjamin Dresner's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel (Dkt. 15) is GRANTED;

- Pursuant to the Notice of Non-Opposition (Dkt. 17), Movants Trenton Thenhaus and Taylor Thenhaus' Motion For Appointment as Co-Lead Plaintiff's and Approval of Counsel (Dkt 13) is DENIED;

- Pursuant to 15 U.S.C. § 78u-4(a)(3)(B), Benjamin Dresner is appointed as Lead Plaintiff; and

- Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), Benjamin Dresner's selection of Pomerantz LLP as Lead Counsel and Badgley Mullins Turner PLLC as Liaison Counsel is approved.

Dated this 23rd day of February, 2022.

Theresa L. Fricke
United States Magistrate Judge

ORDER APPOINTING LEAD PLAINTIFF AND
APPROVING LEAD COUNSEL - 6