UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENJAMIN DRESNER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SILVERBACK THERAPEUTICS, INC., LAURA K. SHAWVER, JONATHAN PIAZZA, RUSS HAWKINSON, PETER THOMPSON, VICKIE L. CAPPS, ROBERT HERSHBERG, SAQIB ISLAM, ANDREW POWELL, JONATHAN ROOT, THILO SCHROEDER, and SCOTT PLATSHON,<br><br>Defendants. | CASE NO. C21-1499 MJP<br><br>ORDER RE: JSR |

The Court issues this Order <u>sua sponte</u> after reviewing the Parties' "Joint Status Report." (Dkt. No. 32.) In the JSR, the Parties ask the Court to "stay" their obligation to file a complete JSR in compliance with the Court's initial scheduling order (Dkt. No. 31). They base this request on their belief that the Private Securities Litigation Reform Act (PSLRA) imposes an automatic

ORDER RE: JSR - 1

stay on all discovery. (Dkt. No. 32 at 2-3.) The request does not faithfully track the PSLRA's automatic stay of discovery. The automatic stay applies only when a motion to dismiss is filed and remains pending. 15 U.S.C. § 78u-4(b)(3)(B); see Medhekar v. U.S. Dist. Ct. for the N. Dist. of California, 99 F.3d 325, 326 (9th Cir. 1996) (granting petition on mandamus). Here, there is no pending motion to dismiss and Defendants have not even committed to filing one. On this record, there is no basis to stay the JSR deadlines.

Defendants have until May 26, 2022 to file an answer, or move to dismiss. (Dkt. No. 24.) Should Defendants move to dismiss, then the Court will stay the JSR deadlines. But unless or until Defendants do so, there is no basis to stay this matter.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 24, 2022.

Marsha J. Pechman
United States Senior District Judge

ORDER RE: JSR - 2