THE HONORABLE MARSHA J. PECHMAN
NOTED FOR: AUGUST 10, 2022

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

|  |  |
|---|---|
| BENJAMIN DRESNER, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:21-cv-1499-MJP |
| Plaintiffs, | **PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** |
| v. | |
| SILVERBACK THERAPEUTICS, INC., LAURA K. SHAWVER, JONATHAN PIAZZA, RUSS HAWKINSON, PETER THOMPSON, VICKIE L. CAPPS, ROBERT HERSHBERG, SAQIB ISLAM, ANDREW POWELL, JONATHAN ROOT, THILO SCHROEDER, and SCOTT PLATSHON, | NOTE ON MOTION CALENDAR: AUGUST 10, 2022 |
| Defendants. | |

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE - i
(Case No. 2:21-cv-1499-MJP)

## I.    INTRODUCTION

Lead Plaintiff Benjamin Dresner and additional Plaintiff Ann Ettinger ("Plaintiffs") respectfully request that the Court take judicial notice of the exhibits listed below and appended to the Declaration of Tamar A. Weinrib ("Weinrib Decl.") in support of Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Opp. Br.").

### A.    ARGUMENT

Though district courts generally may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, there are two exceptions: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).   Under the incorporation by reference doctrine, courts are permitted to consider documents incorporated by reference in the complaint as though they are part of the complaint itself. *Id.* at 1002. Under Rule 201, courts can take judicial notice of adjudicative facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).   Accordingly, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment."  *Khoja*, 899 F.3d at 999 (internal citation omitted).

The following documents are referenced or quoted in the Complaint and are thus properly considered under the incorporation by reference doctrine:

| Weinrib Decl., Ex. A | SBT6050-101: Phase 1/1B Interim Clinical Study Update, Investor Presentation at the | ¶¶[1] 7, 46, 69, 72 |
|---|---|---|

---

[1] All "¶ __" references are to the Amended Class Action Complaint ("Complaint"), filed April 11, 2022, Doc. No. 29.

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE - 1
(Case No. 2:21-cv-1499-MJP)

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

| | | |
|---|---|---|
| | European Society of Medical Oncology 2021, dated September 16, 2021; available publicly at https://ir.silverbacktx.com/static-files/80acc4d3-1e79-45c4-b9ca-27f7ef7884ff | |
| Weinrib Decl., Ex. B | Excerpt from Silverback's Form 10-K for the fiscal year ending December 31, 2020, dated March 29, 2021. | ¶¶ 37, 40, 55-62. |
| Weinrib Decl., Ex. C | Excerpt from Silverback's Form 424B Prospectus, dated Dec. 3, 2020. | ¶¶ 4, 47-52. |

Moreover, the Court may take judicial notice of the two analyst reports referenced in Plaintiffs' Opp. Br., as set forth below. Under Federal Rule of Evidence 201, courts "must take judicial notice if a party requests it and the court is supplied with the necessary information." Federal Rule of Evidence 201(c)(2). Courts routinely take judicial notice of analyst reports to determine what may or may not have been discussed in the public realm. *In re Apple Sec. Litig.*, No. 19-cv-02033-YGR, 2020 U.S. Dist. LEXIS 96953, at *18 (N.D. Cal. June 2, 2020); *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023-24 (C.D. Cal. 2008); *In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2011 U.S. Dist. LEXIS 21406, at *29 (N.D. Cal. Mar. 3, 2011).

This is particularly so where the authenticity and accuracy of the analyst reports are not disputed. *In re Twitter, Inc. Sec. Litig.*, No. 16-cv-05314-JST, 2020 U.S. Dist. LEXIS 86978, at *8 (N.D. Cal. Apr. 17, 2020). Courts can consider the analyst reports to determine whether a substantial likelihood existed "that the disclosure of the omitted fact [*e.g.,* that SBT6050 did not in fact confer clinical benefit due to limited anti-tumor activity and an unmanageable safety profile] would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *See Reinschmidt v. Zillow, Inc.*, No. C12-2084 RSM, 2014 U.S. Dist. LEXIS 149090, at *8-9 (W.D. Wash. Oct. 20, 2014).

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE - 2
(Case No. 2:21-cv-1499-MJP)

| Weinrib Decl., Ex. D | SVB Leerink analyst report, titled, "Quick Thoughts on ESMO Abstract with SBT6050, HER2 ISAC," dated September 13, 2021 | Opp. Br., pg. 16 |
|---|---|---|
| Weinrib Decl., Ex. E | H.C. Wainwright & Co. analyst report, titled, "SBT6050 Monotherapy and Combination Data Reported at ESMO," dated September 16, 2021 | Opp. Br., pg. 16 |

## II.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court consider Weinrib Decl., Exhibits A-B under the incorporation by reference doctrine and take judicial notice of Weinrib Decl., Exhibits C-D under Federal Rule of Evidence 201.

Dated:  July 11, 2022

**BADGLEY MULLINS TURNER PLLC**

/s/ *Duncan C. Turner*
Duncan C. Turner, WSBA No. 20597
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone: (206) 621-6566
dturner@badgleymullins.com

*Of Counsel*

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice*)
Tamar A. Weinrib
(*pro hac vice*)
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
taweinrib@pomlaw.com

*Lead Counsel for Plaintiffs*

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE - 3
(Case No. 2:21-cv-1499-MJP)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of July, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Yonten Dorjee*
Yonten Dorjee, Paralegal
**BADGLEY MULLINS TURNER PLLC**
Email:  ydorjee@badgleymullins.com

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE - 4
(Case No. 2:21-cv-1499-MJP)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686