The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

BENJAMIN DRESNER, Individually and On Behalf of All Others Similarly Situated,

Plaintiffs,

v.

SILVERBACK THERAPEUTICS, INC., LAURA K. SHAWVER, JONATHAN PIAZZA, RUSS HAWKINSON, PETER THOMPSON, VICKIE L. CAPPS, ROBERT HERSHBERG, SAQIB ISLAM, ANDREW POWELL, JONATHAN ROOT, THILO SCHROEDER, and SCOTT PLATSHON,

Defendants.

Case No. 2:21-cv-01499-MJP

**DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**

NOTE ON MOTION CALENDAR:
**August 10, 2022**

**DEFS.' SUPPLEMENTAL RJN I/S/O**
**REPLY I/S/O MOTION TO DISMISS**
**Case No. 2:21-cv-01499-MJP**

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

## I.    INTRODUCTION

Plaintiffs did not oppose Defendants' Request for Judicial Notice (Dkt. No. 35-1) and thus conceded that Exhibits A through Q to the Fukumura Declaration (Dkt. Nos. 34-3 to 34-19) may be considered by the Court under the doctrines of incorporation by reference and/or judicial notice.[1]  *See Adams v. Corr Cronin Michelson Baumgardner Fogg & Moore PLLP*, 2019 WL 2715646, at *5 (W.D. Wash. June 28, 2019) (granting unopposed request for judicial notice).  As explained below, the Court can and should also consider Exhibits R through U to the concurrently filed Declaration of Christopher B. Durbin[2]; those exhibits are properly subject to judicial notice, and are offered solely to respond to points raised by Plaintiffs in their Opposition (Dkt. No. 37). Accordingly, Defendants request that the Court grant this supplemental request for judicial notice.

## II.    ARGUMENT

### A.    Exhibits R–U Are Judicially Noticeable and Are Offered in Response to Points Raised by Plaintiffs in Their Opposition.

A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." FED. R. EVID. 201(c)(2).  Additionally, in securities cases, courts may take judicial notice of documents "directly related to documents referenced in the complaint that bear on the adequacy of [defendants'] disclosure[s]." *Oklahoma Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014) (internal citations omitted).

#### 1.    Exhibits R–T are judicially noticeable and responsive to the analyst reports Plaintiffs have newly introduced in their Opposition.

The Court should take judicial notice of Exhibits R through T for at least three reasons. *First*, Exhibits R through T are the proper subjects of judicial notice, as their facts are not in dispute

---

[1] In their Opposition to Defendants' Motion to Dismiss (Dkt. No. 37 at 19 n.11), Plaintiffs lodge a footnote argument that the Court should disregard or strike Exhibits 1–5 to the Fukumura Declaration (Dkt. Nos. 34-1 to 34-5).  Plaintiffs are mistaken.  The substance of Exhibits 1–5 is drawn exclusively from the CAC and Silverback's filings with the SEC, which are judicially noticeable. *See L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 937–38 (C.D. Cal. 2011).  Further, courts regularly consider charts like Exhibits 1–5 in connection with motions to dismiss. *See, e.g.*, *Anderson v. Peregrine Pharms., Inc.*, 2013 WL 12122423, at *4 (C.D. Cal. Aug. 23, 2013), *aff'd*, 654 F. App'x 281 (9th Cir. 2016) (denying motion to strike charts submitted in support of motion to dismiss because Defendants "filed the charts in good faith in an attempt to categorize the various statements 'for the Court's convenience'").

[2] The longer exhibits attached to the Fukumura and Durbin Declarations have been excerpted and highlighted for the Court's convenience.

**DEFS.' SUPPLEMENTAL RJN I/S/O REPLY I/S/O MOTION TO DISMISS CASE NO. 2:21-cv-01499-MJP**

1.

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

and they come from reliable sources. *See* FED. R. EVID. 201(c)(2); *see also In re Loudeye Corp. Sec. Litig.*, No. 06-cv-1442-MJP, 2007 WL 2404626, at *1 (W.D. Wash. Aug. 17, 2007). *Second*, Exhibits R through T are analyst reports published during the Class Period, which directly bear on the adequacy of Defendants' disclosures. Indeed, on similar grounds, Plaintiffs request that the Court take judicial notice of analyst reports. (*See* Dkt. No. 37-1 at 3 ("Courts routinely take judicial notice of analyst reports to determine what may or may not have been discussed in the public realm.") (citing *In re Apple Sec. Litig.*, 2020 U.S. Dist. LEXIS 96953, at *18 (N.D. Cal. June 2, 2020); *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023–24 (C.D. Cal. 2008); *In re Century Aluminum Co. Sec. Litig.*, 2011 U.S. Dist. LEXIS 21406, at *29 (N.D. Cal. Mar. 3, 2011)).) *Third*, Exhibits R through T are responsive to Plaintiffs' introduction of and reliance on analyst reports (Dkt. Nos. 36-6, 37-7) in their Opposition to Defendants' Motion to Dismiss (*see* Dkt. No. 37 at 16). Accordingly, judicial notice of Exhibits R through T is proper. *See IXIA*, 50 F. Supp. 3d at 1349 (taking judicial notice of analyst reports).

### 2. Exhibit U is judicially noticeable and responsive to Plaintiffs' Opposition argument that Phase 1/1b trials study "efficacy."

The Court should take judicial notice of Exhibit U for at least two reasons. *First*, courts may take judicial notice of public records and other governmental documents on a government website or elsewhere on the Internet. *See L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 937–38 (C.D. Cal. 2011). Exhibit U is the U.S. Food and Drug Administration's information page on Clinical Research as Step 3 of the Drug Development Process. It is readily available at FDA.gov, an official website of the United States government, and so judicial notice is proper. *Second*, Exhibit U is responsive to Plaintiffs' factually inaccurate argument strewn through their Opposition that the SBT6050 Phase 1/1b trial was designed to and did evaluate "efficacy." (*See* Dkt. No. 37 at 1–5,13–15.)

## III. CONCLUSION

For these reasons, Defendants respectfully request that the Court take judicial notice of Exhibits R through U to the Durbin Declaration, listed below for the Court's convenience:

| Ex. | Description |
|---|---|
| R | A true and correct excerpted and highlighted copy of an analyst report by SVBLeerink entitled, *Silverback Therapeutics, Inc. Bringing Some TLC to TLR with ImmunoTACs; Initiating Coverage with an OP Rating*, dated Dec. 29, 2020. |
| S | A true and correct excerpted and highlighted copy of an analyst report by Stifel entitled, *Waging Guerrilla Warfare on Cancer & Disease with ImmunoTAC Technology – Initiating Coverage with a Buy Rating & $58 TP*, dated Dec. 29, 2020. |
| T | A true and correct excerpted and highlighted copy of an analyst report by SVBLeerink entitled, *3Q21: Uncertain Path Forward for SBT6050; PT to $25*, dated Nov. 12, 2021. |
| U | A true and correct excerpted and highlighted copy of the information page on Clinical Research as Step 3 of the Drug Development Process.  It is publicly available on the website of the U.S. Food and Drug Administration at https://www.fda.gov/patients/drug-development-process/step-3-clinical-research#phases. |

Dated:  August 10, 2022

 */s/Christopher B. Durbin*
Christopher B. Durbin (WSBA No. 41159)
COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA  98101-1355
Tel.: (206) 452-8700
Fax: (206) 452-8800
Email: cdurbin@cooley.com

Koji F. Fukumura (*pro hac vice*)
COOLEY LLP
4401 Eastgate Mall
San Diego, CA  92121-1909
Tel.: (858) 550-6000
Fax: (858) 550-6420
Email: kfukumura@cooley.com

Attorneys for Defendants SILVERBACK THERAPEUTICS, INC., LAURA L. SHAWVER, JONATHAN PIAZZA, RUSS HAWKINSON, PETER THOMPSON, VICKIE L. CAPPS, ROBERT HERSHBERG, SAQIB ISLAM, ANDREW POWELL, JONATHAN ROOT, THILO SCHROEDER, and SCOTT PLATSHON

DEFS.' SUPPLEMENTAL RJN I/S/O
REPLY I/S/O MOTION TO DISMISS    3.
CASE NO. 2:21-cv-01499-MJP

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700