The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

BENJAMIN DRESNER, Individually and On Behalf of All Others Similarly Situated,

Plaintiffs,

v.

SILVERBACK THERAPEUTICS, INC., LAURA K. SHAWVER, JONATHAN PIAZZA, RUSS HAWKINSON, PETER THOMPSON, VICKIE L. CAPPS, ROBERT HERSHBERG, SAQIB ISLAM, ANDREW POWELL, JONATHAN ROOT, THILO SCHROEDER, and SCOTT PLATSHON,

Defendants.

Case No. 2:21-cv-01499-MJP

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**

NOTE ON MOTION CALENDAR:
**January 27, 2023**

**DEFS.' REQUEST FOR JUDICIAL NOTICE**
**I/S/O MOTION TO DISMISS SAC**
**Case No. 2:21-cv-01499-MJP**

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

## I.     INTRODUCTION

Defendants Silverback Therapeutics, Inc. ("Silverback"), Laura L. Shawver, Jonathan Piazza, Russ Hawkinson, Peter Thompson, Vickie K. Capps, Robert Hershberg, Saqib Islam, Andrew Powell, Jonathan Root, Thilo Schroeder, and Scott Platshon (collectively, "Defendants") request that the Court consider the exhibits identified below in adjudicating Defendants' Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint ("SAC") under the incorporation by reference doctrine or Federal Rule of Evidence 201 (judicial notice).  All such exhibits are attached to the Declaration of Koji Fukumura in support of Defendants' Motion to Dismiss ("Fukumura Declaration").[1]

## II.    ARGUMENT

The exhibits attached to the Fukumura Declaration provide the requisite context to evaluate whether Plaintiffs have adequately pled a securities fraud claim. *Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Exhibits A through S are expressly referenced and/or quoted in the SAC and are therefore properly considered in their entirety under the incorporation by reference doctrine.  Exhibits T through V are publicly available analyst reports published during the Class Period and are properly the subjects of judicial notice.  Exhibits W and X are publicly available resources provided by the United States government, and so are judicially noticeable. Exhibit Y is judicially noticeable, as it is published by a reliable source and addresses concepts that Plaintiffs reference throughout the SAC.[2]

### A.     Legal Standards

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial

---

[1] The longer exhibits attached to the Fukumura Declaration have been excerpted and highlighted for the Court's convenience.

[2] PharmaSUG is an all-volunteer, non-profit organization that provides learning resources for analysts of life sciences data. *See* https://www.pharmasug.org/ (last visited Dec. 31, 2022).

**DEFS.' REQUEST FOR JUDICIAL NOTICE**
**I/S/O MOTION TO DISMISS SAC**                    1.
**Case No. 2:21-cv-01499-MJP**

notice." *Tellabs*, 551 U.S. at 322; *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  Courts may take judicial notice of documents both for their contents and for the truth of the matters asserted therein, as long as the facts are not in dispute and are from reliable sources.  *See Smilovits v. First Solar Inc.*, 119 F. Supp. 3d 978, 1010 (D. Ariz. 2015), *aff'd sub nom. Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750 (9th Cir. 2018); *see also In re Loudeye Corp. Sec. Litig.*, No. 06-cv-1442-MJP, 2007 WL 2404626, at *1 (W.D. Wash. Aug. 17, 2007) (court had "taken judicial notice of documents of public record submitted by the parties").  Further, a court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  FED. R. EVID. 201(c)(2).  As explained below, Defendants' exhibits are all either incorporated by reference into the SAC or are the proper subject of judicial notice.

### B.    The Court Should Consider Documents Incorporated by Reference Into the SAC (Exhibits A–S)

Incorporation by reference is a doctrine that "treats certain documents as though they are part of the complaint itself."  *Orexigen*, 899 F.3d at 1002.  A document may be incorporated by reference into a complaint "if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim."  *Id.* (emphasis added).  "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents."  *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).  This doctrine also includes documents that are "necessary to [p]laintiffs' allegations, even if not explicitly referenced in the [c]omplaint."  *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) (taking judicial notice of SEC filings because "they are clearly, if indirectly, referenced in the [c]omplaint as integral to the . . . allegations made in the [c]omplaint").  The reason for this rule is well-settled: "to prevent plaintiffs from highlighting only the portions of certain documents that support their

**DEFS.' REQUEST FOR JUDICIAL NOTICE**
**I/S/O MOTION TO DISMISS SAC**             2.
**Case No. 2:21-cv-01499-MJP**

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

claims, while omitting portions of those documents that weaken their claims." *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 905 (N.D. Cal. 2019); *see also Orexigen*, 899 F.3d at 1003 ("[T]he incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs").

This is exactly what Plaintiffs attempt to do here. Each of Exhibits A through S to the Fukumura Declaration is referred to and/or quoted in the SAC at the paragraph numbers indicated in the chart presented below. Accordingly, the incorporation by reference doctrine establishes that the Court should consider Exhibits A through S in deciding Defendants' Motion to Dismiss.

### C.     The Court Should Take Judicial Notice of Exhibits T–Y

Under Federal Rule of Evidence 201, courts "must take judicial notice if a party requests it and the court is supplied with the necessary information." FED. R. EVID. 201(c)(2). Distinct from the doctrine of incorporation by reference (which, as set forth above, is a sufficient basis for the Court to consider Exhibits A through S), judicial notice extends to "matters of public record outside the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820–21 (C.D. Cal. 1998) (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).

Courts may take judicial notice of public records and other governmental documents on a government website or elsewhere on the Internet. *See L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 937–38 (C.D. Cal. 2011) ("[J]ust as public records and government documents are generally considered 'not to be subject to reasonable dispute,' so too does this include public records and government documents available from reliable sources on the Internet."). Additionally, in securities cases, courts may take judicial notice of documents "directly related to documents referenced in the complaint that bear on the adequacy of [defendants'] disclosure[s]." *Oklahoma Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014) (internal citations omitted).

**DEFS.' REQUEST FOR JUDICIAL NOTICE I/S/O MOTION TO DISMISS SAC**                 3.
**Case No. 2:21-cv-01499-MJP**

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

**1. Exhibits T–V are judicially noticeable and responsive to the analyst reports referenced in the SAC.**

The Court should take judicial notice of Exhibits T through V for at least two reasons. *First*, Exhibits T through V are the proper subjects of judicial notice, as their facts are not in dispute and they come from reliable sources. *See* Fed. R. Evid. 201(c)(2); *see also In re Loudeye Corp. Sec. Litig.*, No. 06-cv-1442-MJP, 2007 WL 2404626, at *1 (W.D. Wash. Aug. 17, 2007). *Second*, Exhibits T through V are analyst reports published during the Class Period, which directly bear on the adequacy of Defendants' disclosures. Indeed, on similar grounds, Plaintiffs reference analyst reports in the SAC. (*See* ¶¶ 65, 86, 91, 113, 133). Accordingly, judicial notice of Exhibits T through V is proper. *See IXIA*, 50 F. Supp. 3d at 1349 (taking judicial notice of analyst reports).

**2. Exhibits W–Y are judicially noticeable.**

The Court should take judicial notice of Exhibits W and X because they are resources provided by the U.S. Food and Drug Administration (FDA) and the National Cancer Institute (NCI), an entity within the U.S. Department of Health and Human Services, respectively. Exhibit W is a true and correct excerpted and highlighted copy of the FDA's guidance document, *E6 (R2) Good Clinical Practice: Integrated Addendum to IC E6 (R1) Guidance for Industry*. Exhibit X is NCI's definition of an "open-label study," a concept that Plaintiffs repeatedly cite in the SAC without explanation or definition. (*See* ¶¶ 54, 102); *see also In re Eventbrite, Inc. Sec. Litig.*, No. 18-cv-02019-EJD, 2020 WL 2042078 at *7 (N.D. Cal. Apr. 28, 2020) ("*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations.") (emphasis in original). Accordingly, Exhibits W and X are government records that are available on the Internet and are not subject to reasonable dispute. *See Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d at 937–38. Thus, they are properly the subjects of judicial notice.

The Court should take judicial notice of Exhibit Y, a publication by PharmaSUG (*see* n.2, *supra*) titled *Implementation of Data Cut Off in Analysis of Clinical Trials*, PharmaSUG 2018 –

**DEFS.' REQUEST FOR JUDICIAL NOTICE**
**I/S/O MOTION TO DISMISS SAC**     4.
**Case No. 2:21-cv-01499-MJP**

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

DS19, because it is a matter of public record outside the pleadings that comes from a reliable source. *See Haggerty*, 38 F. Supp. 2d at 820–21. Further, Exhibit Y addresses Plaintiffs' "*conclusory* allegations" regarding the concept of an "open-label study." *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078 at \*7. Accordingly, Exhibit Y is properly the subject of judicial notice.

## I.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of all of the documents attached to the Fukumura Declaration, listed below for the Court's convenience, in conjunction with Defendants' Motion to Dismiss:

| Ex. | Description | Basis for Consideration |
|---|---|---|
| A | Silverback's Form S-1 Registration Statement, dated Nov. 10, 2020. It is publicly available at the U.S. Securities and Exchange Commission's ("SEC") Electronic Data Gathering, Analysis, and Retrieval ("EDGAR") website, https://www.sec.gov/edgar. | Incorporation by Reference (¶ 4)[3] <br><br> Judicial Notice |
| B | Amendment 1 to Silverback's Registration Statement (Form S-1/A1), dated Nov. 30, 2020. It is publicly available at the SEC's EDGAR website, https://www.sec.gov/edgar. | Incorporation by Reference (¶ 4) <br><br> Judicial Notice |
| C | Amendment 2 to Silverback's Registration Statement (Form S-1/A2), dated Dec. 3, 2020. It is publicly available at the SEC's EDGAR website, https://www.sec.gov/edgar. | Incorporation by Reference (¶¶ 4, 49, 51, 54, 61, 62) <br><br> Judicial Notice |
| D | Silverback's Form 424B Prospectus, dated Dec. 4, 2020. It is publicly available at the SEC's EDGAR website, https://www.sec.gov/edgar. | Incorporation by Reference (¶¶ 4, 5, 46, 52, 53, 61, 63, 64) <br><br> Judicial Notice |
| E | Silverback's Form 10-K for the fiscal year ending Dec. 31, 2020, dated Mar. 29, 2021. It is publicly available at the SEC's EDGAR website, https://www.sec.gov/edgar. | Incorporation by Reference (¶¶ 8, 10, 50, 58, 66, 67, 68, 69) <br><br> Judicial Notice |

[3] All "¶ __" references are to the SAC.

**DEFS.' REQUEST FOR JUDICIAL NOTICE**
**I/S/O MOTION TO DISMISS SAC**                 5.
**Case No. 2:21-cv-01499-MJP**

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

| Ex. | Description | Basis for Consideration |
|---|---|---|
| F | Silverback's press release titled, *Silverback Therapeutics Reports Fourth Quarter and Full Year 2020 Financial Results and Recent Corporate Updates*, and released on Mar. 29, 2021.  It is publicly available at the SEC's EDGAR website, https://www.sec.gov/edgar. | Incorporation by Reference (¶ 70)<br><br>Judicial Notice |
| G | Silverback's press release titled, *Silverback Therapeutics Reports First Quarter 2021 Financial Results*, and released May 13, 2021.  It is publicly available at the SEC's EDGAR website, https://www.sec.gov/edgar. | Incorporation by Reference (¶¶ 76, 77) |
| H | Silverback's Form 10-Q for the quarterly period ending Mar. 31, 2021 ("Q1"), dated May 13, 2021.  It is publicly available at https://ir.silverbacktx.com/static-files/0c15d467-0607-4ce7-9705-6e5cf507fb8e and at the SEC's EDGAR website, https://www.sec.gov/edgar. | Incorporation by Reference (¶ 74)<br><br>Judicial Notice |
| I | Silverback's press release titled*, Silverback Therapeutics Reports Second Quarter 2021 Financial Results and Provides Business Update*, and released Aug. 12, 2021.  It is publicly available at the SEC's EDGAR website, https://www.sec.gov/edgar. | Incorporation by Reference (¶ 80)<br><br>Judicial Notice |
| J | Silverback's Form 10-Q for the quarterly period ending June 30, 2021 ("Q2"), dated Aug. 12, 2021.  It is publicly available at the SEC's EDGAR website, https://www.sec.gov/edgar. | Incorporation by Reference (¶ 78)<br><br>Judicial Notice |
| K | Silverback's press release titled, *Silverback Therapeutics to Present Data from its Phase 1/1B Clinical Trial of SBT6050 at the European Society for Medical Oncology (ESMO) 2021 Virtual Congress*, and released Sept. 13, 2021.  It is publicly available at the SEC's EDGAR website, https://www.sec.gov/edgar. | Incorporation by Reference (¶¶ 12, 81)<br><br>Judicial Notice |
| L | Silverback's abstract for presentation at the European Society for Medical Oncology 2021 Congress titled, *209P - Interim results of a phase I/IB study of SBT6050 monotherapy and pembrolizumab combination in patients with advanced HER2-expressing or amplified solid tumors*, dated Sept. 16, 2021.  It is publicly available at the SEC's EDGAR website, https://www.sec.gov/edgar. | Incorporation by Reference (¶¶ 12, 80–84, 104) |

**DEFS.' REQUEST FOR JUDICIAL NOTICE**
**I/S/O MOTION TO DISMISS SAC**          6.
**Case No. 2:21-cv-01499-MJP**

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

| Ex. | Description | Basis for Consideration |
|-----|-------------|-------------------------|
| M | Silverback's E-Poster for presentation at the ESMO 2021 Virtual Congress titled *Interim results of a Phase 1/1b study of SBT6050 monotherapy and pembrolizumab combination in patients with advanced HER2-expressing or amplified solid tumors*, dated Sep. 16, 2021.  It is publicly available at https://www.adcreview.com/wp-content/uploads/2021/10/SBT6050-101_ESMO-Poster_26Aug2021_FINAL80.pdf. | Incorporation by Reference (¶ 80)<br><br>Judicial Notice |
| N | Silverback's September 2021 corporate presentation.  It is publicly available at the SEC's EDGAR website, https://www.sec.gov/edgar. | Incorporation by Reference (¶¶ 14, 56, 105)<br><br>Judicial Notice |
| O | Silverback's Investor Presentation titled *SBT6050-101: Phase 1/1B Interim Clinical Study Update* from the ESMO 2021 Virtual Congress, dated Sep. 16, 2021. | Incorporation by Reference (¶¶ 59, 87, 88)<br><br>Judicial Notice |
| P | Silverback's Form 10-Q for the quarterly period ending Sept. 30, 2021 ("Q3"), dated Nov. 10, 2021.  It is publicly available at the SEC's EDGAR website, https://www.sec.gov/edgar. | Incorporation by Reference (¶¶ 16, 92)<br><br>Judicial Notice |
| Q | Silverback's Form 10-K for the fiscal year ending Dec. 31, 2021, dated Mar. 31, 2022.  It is publicly available at the SEC's EDGAR website, https://www.sec.gov/edgar. | Incorporation by Reference (¶ 17)<br><br>Judicial Notice |
| R | Silverback's press release titled, *Silverback Therapeutics Updates Strategic Priorities and Reports Fourth Quarter and Full Year 2021 Financial Results*, and released Mar. 31, 2022.  It is publicly available at the SEC's EDGAR website, https://www.sec.gov/edgar. | Incorporation by Reference (¶ 17, 98)<br><br>Judicial Notice |
| S | The study description for Silverback's trial, *A Study of SBT6050 Alone and in Combination With PD-1 Inhibitors in Subjects With Advanced HER2 Expressing Solid Tumors*. It is publicly available at the U.S. National Library of Medicine's ClinicalTrials.gov website, https://clinicaltrials.gov/ct2/show/NCT04460456?term=1%2F1b+AND+SBT6050&draw=2&rank=1. | Incorporation by Reference (¶ 3)<br><br>Judicial Notice |

**DEFS.' REQUEST FOR JUDICIAL NOTICE**
**I/S/O MOTION TO DISMISS SAC**          7.
**Case No. 2:21-cv-01499-MJP**

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

| Ex. | Description | Basis for Consideration |
|---|---|---|
| T | Analyst report by SVBLeerink titled, *Silverback Therapeutics, Inc. Bringing Some TLC to TLR with ImmunoTACs; Initiating Coverage with an OP Rating*, dated Dec. 29, 2020. | Judicial Notice |
| U | Analyst report by Stifel titled, *Waging Guerrilla Warfare on Cancer & Disease with ImmunoTAC Technology – Initiating Coverage with a Buy Rating & $58 TP*, dated Dec. 29, 2020. | Judicial Notice |
| V | Analyst report by SVBLeerink titled, *3Q21: Uncertain Path Forward for SBT6050; PT to $25*, dated Nov. 12, 2021. | Judicial Notice |
| W | Publication titled *E6 (R2) Good Clinical Practice: Integrated Addendum to IC E6 (R1) Guidance for Industry,* provided by the U.S. Food and Drug Administration, and dated March 2018.  It is publicly available at https://www.fda.gov/regulatory-information/search-fda-guidance-documents/e6r2-good-clinical-practice-integrated-addendum-ich-e6r1. | Judicial Notice |
| X | The definition of "open label study," provided by the National Cancer Institute, an entity within the U.S. Department of Health and Human Services.  It is publicly available at https://www.cancer.gov/publications/dictionaries/cancer-terms/def/open-label-study. | Judicial Notice |
| Y | Publication titled *Implementation of Data Cut Off in Analysis of Clinical Trials*, PharmaSUG 2018 – DS19, by Mei Day and Ann Croft.  It is publicly available at https://www.pharmasug.org/proceedings/2018/DS/PharmaSUG-2018-DS19.pdf. | Judicial Notice |

Dated:  January 2, 2023

/s/Christopher B. Durbin

Christopher B. Durbin (WSBA No. 41159)
COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA  98101-1355
Tel.: (206) 452-8700
Fax: (206) 452-8800

**DEFS.' REQUEST FOR JUDICIAL NOTICE
I/S/O MOTION TO DISMISS SAC
Case No. 2:21-cv-01499-MJP**

8.

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

Email: cdurbin@cooley.com

Koji F. Fukumura (*pro hac vice*)
COOLEY LLP
4401 Eastgate Mall
San Diego, CA  92121-1909
Tel.: (858) 550-6000
Fax: (858) 550-6420
Email: kfukumura@cooley.com

Attorneys for Defendants SILVERBACK THERAPEUTICS, INC., LAURA L. SHAWVER, JONATHAN PIAZZA, RUSS HAWKINSON, PETER THOMPSON, VICKIE L. CAPPS, ROBERT HERSHBERG, SAQIB ISLAM, ANDREW POWELL, JONATHAN ROOT, THILO SCHROEDER, and SCOTT PLATSHON

**DEFS.' REQUEST FOR JUDICIAL NOTICE I/S/O MOTION TO DISMISS SAC**
**Case No. 2:21-cv-01499-MJP**

9.

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700